## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## (MARSHALL DIVISION)

| | | |
|---|---|---|
| **SINOTECHNIX LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 2:25-cv-792** |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **TCL ELECTRONICS HOLDINGS LTD.;** | § | |
| **TCL INDUSTRIES HOLDINGS CO., LTD.;** | § | |
| **and TCL TECHNOLOGY GROUP CORP.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

1.      Plaintiff Sinotechnix LLC ("Sinotechnix" or "Plaintiff") files this Complaint against TCL Electronics Holdings Ltd. ("TCL Electronics"), TCL Industries Holdings Co., Ltd. ("TCL Industries"); and TCL Technology Group Corp. ("TCL Technology") (collectively "TCL" or "Defendants") for infringement of U.S. Patent No. 7,748,873 (the "'873 patent"), U.S. Patent No. 7,901,113 (the "'113 patent"), U.S. Patent No. 7,951,626 (the "'626 patent"), U.S. Patent No. 8,132,952 (the "'952 patent"), and U.S. Patent No. 9,412,913 (the "'913 patent") (collectively, the "Asserted Patents").[1]

## THE PARTIES

2.      Plaintiff. Plaintiff is a Delaware limited liability company with its principal place of business at 8 The Green, Suite A, Dover, Delaware 19901.

3.      TCL Electronics. On information and belief, TCL Electronics is a limited liability company incorporated in the Cayman Islands. The registered address of TCL Electronics is P.O.

---

[1] The Asserted Patents may be accessed and downloaded at the United States Patent and Trademark Office's website, e.g.,
https://ppubs.uspto.gov/pubwebapp/static/pages/ppubsbasic.html .

Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. TCL Electronics's principal place of business is located at 5/F, Building 22E, 22 Science Park East Avenue, Hong Kong Science Park, Shatin, Hong Kong. Upon information and belief, TCL Electronics is a wholly owned subsidiary of TCL Industries. TCL Electronics may be served with process at least under Fed. R. Civ. P. 4(h)(1) or (2).

4.  According to its 2024 Annual Report, "TCL Electronics is a world-leading consumer electronics company that covers display, innovative and internet businesses." TCL Electronics's 2024 Annual Report at 3. That business includes manufacturing televisions and selling and importing those televisions in the United States. In its 2024 Annual Report, TCL Electronics stated that "the Group and its subsidiaries … were mainly involved in the manufacture and sale of <u>television ('TV') sets</u>, smartphones, smart connective devices, smart commercial display and smart home products … ." *Id.* at 144 (emphasis added).[2] And "[t]he Group continued to expand and deepen the coverage of key channels in multiple regions such as <u>North America</u>, Europe and Emerging Market, driving <u>TCL TV</u> to rank among the top three in terms of shipment in nearly 20 countries around the world." *Id.* at 27 (emphasis added). And "in 2024, global shipment of TCL TV increased by 14.8% year-on-year to 29 million sets, with market share further increasing to 13.9%, ranking among the top two global TV brands." *Id.* at 13.

5.  Specific the United States, TCL Electronics sought to increase its television market share and competitiveness "through a series of effective localisation tactics." *Id.* at 32. For example, "the Group collaborated with influential local brands like NFL, integrating TCL brand with local culture and bringing North American consumers closer through sports marketing, which

---

[2] In its 2024 Annual Report, dated March 21, 2025, TCL Electronics refers to itself as the "Company." And it refers to the "Group" as "collectively the Company and its subsidiaries." *Id.* at 144.

effectively increased brand awareness and reputation." *Id.* "The Group also proactively optimised channel layouts and product structure to better meet the diverse demand of North American consumers." *Id.* And "for market share in terms of retail sales volume, TCL TV maintained a top two position in the U.S." *Id.*

6.      Upon information and belief, TCL Electronics has a global supply chain for selling and importing televisions in the United States. As stated in its 2024 Annual Report, "the Group will further optimise its global supply chain, logistics, and service systems to improve operational efficiency." *Id.* at 40. And TCL Electronics further stated "[a]dhering to a strategic direction prioritising efficiency, the Group continued to optimise its supply chain, logistics and service capabilities, and partner ecosystem through globalisation, enhancing its global operational capabilities, and improving operational efficiency. During the year, the Group's inventory turnover days was 65 days, down by 3 days year-on-year, demonstrating robust and comprehensive operational capabilities and financial strength, laying a solid foundation for the Group's sustainable development in the future." *Id.* at 27.

7.      TCL Industries. On information and belief, TCL Industries is a limited liability company registered in China. On information and belief, TCL Industries's principal place of business is located at 9/F, TCL Electronics Tower, Building D4, TCL International E City, 1001 Zhongshanyuan Road, Nanshan District, Shenzhen City, China. TCL Industries may be served with process at least under Fed. R. Civ. P. 4(h)(1) or (2).

8.      TCL Industries is the "ultimate holding company of the Company [TCL Electronics]." *Id.* at 144. As such, upon information and belief, TCL Industries controls or derives substantial revenue from the activities of TCL Electronics, including its manufacture of televisions for sale and importation into the United States. According to its own annual report, TCL Industries

"focuses on the smart device business covering nearly all categories of <u>smart consumer electronic</u> <u>products</u> and services, ranging from <u>displays</u>, to smart appliances, innovative business and home Internet … ." TCL Industries 2023 Annual Report at 7 (emphasis added). The same annual report explains that "TCL Industries has been expanding its footprint in the international markets, creating a robust global supply chain system. With over 60,000 employees across Asia, Americas, Europe and Oceania … ." *Id.*

9.      The same annual states that, "[a]s <u>an active player in the display industry, TCL</u> <u>Industries</u> continued to improve its smart display technologies for applications in smart home, smart life, smart security, smart education, smart conference room, smart energy consumption management, and more. TCL's high-end displays enable a more convenient and efficient living and working experience for consumers." *Id.* at 11.

10.      <u>TCL Technology</u>. On information and belief, TCL Technology is a corporation registered in China. On information and belief, TCL Technology's principal place of business 10/F, Tower G1, International E Town, TCL Science Park, 1001 Nanshan District, Shenzhen, Guangdong Province, China. Upon information and belief, TCL Technology is a wholly owned subsidiary of TCL Industries. TCL Technologies may be served with process at least under Fed. R. Civ. P. 4(h)(1) or (2).

11.      Upon information and belief, TCL Technology supplies relevant and/or infringing components to TCL Electronics for TCL branded televisions. For example, according to TCL Electronics's 2024 Annual Report, "One of the five largest suppliers of the Group is a subsidiary of TCL Technology, which is a major panel supplier in the PRC." TCL Electronics's 2024 Annual Report at 98.

12.     Defendants have made, imported and supplied (and continue to make, import, and supply) accused products containing LED-backlit LCD displays.  One non-limiting example of such accused products are televisions such as the exemplary model outlined in Counts I-V below. On information and belief, these products have been, and continue to be, imported into the United States and sold throughout the Americas, including throughout the United States, Texas, and this District.

13.     Upon information and belief, Defendants, including along with other foreign and U.S.-based subsidiaries or agents (which act as part of a global network of overseas sales and manufacturing subsidiaries on behalf of Defendants) have operated as agents of one another and vicariously as parts of the same business group to work in concert together and enter into agreements that are nearer than arm's length. For example, Defendants conduct business in the United States, including importing, distributing, and selling the accused display products that incorporate devices, systems, and processes that infringe the Asserted Patents in Texas and this judicial district.

14.     Through offers to sell, sales, imports, distributions, and other related agreements to transfer ownership of Defendants' accused display products with distributors and customers operating in and maintaining a significant business presence in the U.S., Defendants do business in the U.S., the state of Texas, and in the Eastern District of Texas.

## JURISDICTION AND VENUE

15.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.    For each Defendant, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). Each Defendant is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

18.    On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) performing at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. Defendants have placed and continue to place infringing products, such as televisions and displays into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District.

19.    On information and belief, Defendants have significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## COUNT I
### (Infringement of U.S. Patent No. 7,748,873)

20.    Plaintiff incorporates paragraphs 1 through 19 herein by reference.

21.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

22.    Plaintiff is the owner of the '873 patent with all substantial rights to the '873 patent including the exclusive right to enforce, sue, and recover damages for past infringement.

23.    The '873 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

6

24.    Defendants have known of the '873 patent and their infringement at least as early as the service date of the original complaint in this matter. Further, on information and belief, Defendants have known of the '873 patent and their infringement at least as early as the filing date of the original complaint. In addition, Defendants have known about the '873 patent based on a letter from Sinotechnix dated August 6, 2025, notifying them of the '873 patent and their infringement. In addition, Defendants have known about the '873 patent based on letters dated March 10, 2021, and July 13, 2021, notifying them of the '873 patent and their infringement.

**DIRECT INFRINGEMENT (35 U.S.C. §271(a))**

25.    Defendants infringe and have infringed literally, and/or under the Doctrine of Equivalents, one or more claims of the '873 patent in this judicial district and elsewhere in Texas and the United States.

26.    On information and belief, Defendants, either by themselves (individually and/or in concert) and/or via an agent, infringe literally, and/or under the Doctrine of Equivalents, at least claim 1 of the '873 patent by, among other things, making, using, selling, offering for sale, and/or importing infringing products, such as televisions and display modules that meet at least claim 1 of the '873 patent (the "'873 Patent Accused Products"). The '873 Patent Accused Products include, as examples only, the display modules in TCL 32S359, 40S355, and 55S446 model televisions and products with the same or similarly configured LEDs. Further, TCL Industries is vicariously liable for the infringing conduct of TCL Electronics and/or TCL Technology, as well as other related TCL entities, and affiliates, (under both the alter ego and agency theories) because, as an example and upon information and belief, TCL Industries, TCL Electronics, and TCL Technology are essentially the same company, and TCL Industries has the right and ability to control TCL Electronics's and TCL Technology's, as well as other related TCL entities, infringing

acts and receives a direct financial benefit from TCL Electronics's and TCL Technology's infringement.

27.     The '873 Patent Accused Products comprise display modules such as the display module in the 55S446 model television shown below.



28.     The '873 Patent Accused Products include a lens, such as found in the array of lenses in the 55S446 model television as shown below (array on left, individual lens on right (overhead views)).



29.    In the '873 Patent Accused Products, the lenses each comprise a body, as shown for example in the side view image of a lens from the 55S446 model television below.



30.    The '873 Patent Accused Products comprise a total reflection surface with a total reflection slope with respect to a central axis of the body; and at least one of a linear refractive surface and a curved refractive surface formed to extend away from the central axis and beyond a periphery of the total reflection surface as shown in the image below from the 55S446 model television.





**INDIRECT INFRINGEMENT (35 U.S.C. §271(b))**

31.    Based on the information presently available to Plaintiff, absent discovery, Defendants have also indirectly infringed one or more claims of the '873 patent by inducing infringement, including, at least, the importation, sale, and use of the '873 Patent Accused Products. For example, Defendants induce and have induced the importation and sale of '873 Patent Accused Products (e.g., finished products such as televisions, such as the 55S446) by retailers, affiliates, or each other (e.g., TCL Electronics inducing TCL Technology, or TCL Industries inducing TCL Electronics).

32.     In addition, upon information and belief, since at the least the date when Defendants were on notice of its infringement, Defendants have actively induced and continue to actively induce, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, sell, or use the '873 Patent Accused Products that include or are made using all of the limitations of one or more claims of the asserted patents, at least as described in the preceding paragraphs, to directly infringe one or more claims of the patents by using, offering for sale, selling, and/or importing the '873 Patent Accused Products. Since at least the notice provided on the above-mentioned dates, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement. Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce infringement by distributors, importers, customers, subsidiaries, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the '873 Patent Accused Products, creating established distribution channels for the '873 Patent Accused Products into and within the United States, manufacturing the '873 Patent Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* https://support.tcl.com/us.

33.     Upon information and belief, despite having knowledge of the '873 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '873 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement. Defendants' infringing activities relative to the '873 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, and an egregious case of misconduct beyond typical infringement such that Plaintiff is

entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

34.     Each Defendant is liable for these infringements of the '873 patent pursuant to 35 U.S.C. § 271.

35.     Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36.     Plaintiff has complied with the requirements of 35 U.S.C. § 287, to the extent necessary and/or applicable, and is entitled to collect pre- and post-filing damages for Defendants' infringements of the '873 patent.

## COUNT II
### (Infringement of U.S. Patent No. 7,901,113)

37.     Plaintiff incorporates paragraphs 1 through 36 herein by reference.

38.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

39.     Plaintiff is the owner of the '113 patent with all substantial rights to the '113 patent including the exclusive right to enforce, sue, and recover damages for past infringement.

40.     The '113 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

41.     Defendants have known of the '113 patent and their infringement at least as early as the service date of the original complaint in this matter. Further, on information and belief, Defendants have known of the '113 patent and their infringement at least as early as the filing date of the original complaint. In addition, Defendants have known about the '113 patent based on a

letter from Sinotechnix dated August 6, 2025, notifying them of the '113 patent and their infringement. In addition, Defendants have known about the '113 patent based on letters dated March 10, 2021, and July 13, 2021, notifying them of the '113 patent and their infringement.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

42.     Defendants infringe and have infringed literally, and/or under the Doctrine of Equivalents, one or more claims of the '113 patent in this judicial district and elsewhere in Texas and the United States.

43.     On information and belief, Defendants, either by themselves (individually and/or in concert) and/or via an agent, infringe literally, and/or under the Doctrine of Equivalents, at least claim 1 of the '113 patent by, among other things, making, using, selling, offering for sale, and/or importing infringing products, such as televisions and display modules that meet at least claim 1 of the '113 patent (the "'113 Patent Accused Products"). The '113 Patent Accused Products include, as examples only, the display modules in the TCL 32S359, 40S355, and 55S446 model televisions and product with the same or similarly configured LEDs. Further, TCL Industries is vicariously liable for the infringing conduct of TCL Electronics and/or TCL Technology, as well as other related TCL entities, and affiliates, (under both the alter ego and agency theories) because, as an example and upon information and belief, TCL Industries, TCL Electronics, and TCL Technology are essentially the same company, and TCL Industries has the right and ability to control TCL Electronics's and TCL Technology's, as well as other related TCL entities, infringing acts and receives a direct financial benefit from TCL Electronics's and TCL Technology's infringement.

44.     The '113 Patent Accused Products comprise display modules such as the display module in the 55S446 model television shown below.



45.    The '113 Patent Accused Products include a light emitting device, such as found in the array of light emitting devices in the 55S446 model television as shown below (array on left, individual on right (overhead views)).



46.    In the '113 Patent Accused Products, the light emitting devices each comprise an LED, as shown for example in the cross section of an LED from the 55S446 model television below.

14



47.     The '113 Patent Accused Products comprise a lens arranged to receive light from the light emitting diode, the lens comprising a total reflection surface having a total reflection slope with respect to a central axis of the light emitting diode as shown in the image below from the 55S446 model television.



48.     The '113 Patent Accused Products comprise at least one of a linear refractive surface and a curved refractive surface formed to extend away from the central axis and beyond a periphery of the total reflection surface as shown in the image below from the 55S446 model television.



**INDIRECT INFRINGEMENT (35 U.S.C. §271(b))**

49.     Based on the information presently available to Plaintiff, absent discovery, Defendants have also indirectly infringed one or more claims of the '113 patent by inducing infringement, including, at least, the importation, sale, and use of the '113 Patent Accused Products. For example, Defendants induce and have induced the importation and sale of '113 Patent Accused Products (e.g., finished products such as televisions, such as the 55S446) by retailers, affiliates, or each other (e.g., TCL Electronics inducing TCL Technology, or TCL Industries inducing TCL Electronics).

50.     In addition, upon information and belief, since at the least the date when Defendants were on notice of its infringement, Defendants have actively induced and continue to actively induce, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, sell, or use the '113 Patent Accused Products that include or are made using all of the limitations of one or more claims of the asserted patents, at least as described in the preceding paragraphs, to directly infringe one or more claims of the patents by using, offering for sale, selling, and/or importing the '113 Patent Accused Products. Since at least the notice provided

on the above-mentioned dates, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement. Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce infringement by distributors, importers, customers, subsidiaries, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the '113 Patent Accused Products, creating established distribution channels for the '113 Patent Accused Products into and within the United States, manufacturing the '113 Patent Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* https://support.tcl.com/us.

51.    Upon information and belief, despite having knowledge of the '113 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '113 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement. Defendants' infringing activities relative to the '113 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

52.    Each Defendant is liable for these infringements of the '113 patent pursuant to 35 U.S.C. § 271.

53.    Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates

Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54.     Plaintiff has complied with the requirements of 35 U.S.C. § 287, to the extent necessary and/or applicable, and is entitled to collect pre- and post-filing damages for Defendants' infringements of the '113 patent.

<u>**COUNT III**</u>
**(Infringement of U.S. Patent No. 7,951,626)**

55.     Plaintiff incorporates paragraphs 1 through 54 herein by reference. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

56.     Plaintiff is the owner of the '626 patent with all substantial rights to the '626 patent including the exclusive right to enforce, sue, and recover damages for past infringement.

57.     The '626 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

58.     Defendants have known of the '626 patent and their infringement at least as early as the service date of the original complaint in this matter. Further, on information and belief, Defendants have known of the '626 patent and their infringement at least as early as the filing date of the original complaint. In addition, Defendants have known about the '626 patent based on a letter from Sinotechnix dated August 6, 2025, notifying them of the '626 patent and their infringement. In addition, Defendants have known about the '626 patent based on letters dated October 19, 2020, March 10, 2021, and July 13, 2021, notifying them of the '626 patent and their infringement.

## DIRECT INFRINGEMENT (35 U.S.C. §271(a) and (g))

59.     Defendants infringe and have infringed literally, and/or under the Doctrine of Equivalents, one or more claims of the '626 patent in this judicial district and elsewhere in Texas and the United States.

60.     On information and belief, Defendants, either by themselves (individually and/or in concert) and/or via an agent, infringe literally, and/or under the Doctrine of Equivalents, at least claim 9 of the '626 patent by, among other things, using, selling and/or importing infringing products, such as televisions and display modules that include LEDs made according to the process of at least claim 9 of the '626 patent (the "'626 Patent Accused Products"). The '626 Patent Accused Products include, as examples only, the display modules in TCL 32S359, 40S355, and 55S446 model televisions and products with the same or similarly configured LEDs. Further, TCL Industries is vicariously liable for the infringing conduct of TCL Electronics and/or TCL Technology, as well as other related TCL entities, and affiliates, (under both the alter ego and agency theories) because, as an example and upon information and belief, TCL Industries, TCL Electronics, and TCL Technology are essentially the same company, and TCL Industries has the right and ability to control TCL Electronics's and TCL Technology's, as well as other related TCL entities, infringing acts and receives a direct financial benefit from TCL Electronics's and TCL Technology's infringement.

61.     The '626 Patent Accused Products include LEDs made according to the method of manufacturing a light emitting device of claim 9 as an example. The 32S359 model television includes LEDs such as those shown in the side view and SEM views below.







62.     The '626 Patent Accused Products include light emitting devices made by sequentially forming an N-type semiconductor layer, active layer, and P-type semiconductor layer on a substrate as shown in the image below from the 32S359 model television.



63.     The '626 Patent Accused Products include light emitting devices made by forming an etching mask pattern, of which a side surface is not perpendicular to but inclined at a slope from a horizontal plane, on the P-type semiconductor layer; and removing the etching mask pattern and the P-type semiconductor layer exposed through the etching mask pattern as shown for example

in the image from the 32S359 model television below. As the image below shows, the edge of the P-type semiconductor has an inclined slope angle "α" of approximately 31 degrees. Upon information and belief, the angle occurs because of an etching mask pattern that was formed over the upper surface of the P-type semiconductor layer and removed during the manufacturing process.



64.    The '626 Patent Accused Products include light emitting devices made wherein forming the etching mask pattern comprises: forming a photoresist on the P-type semiconductor layer; by exposing the photoresist to light; hard-baking and developing the photoresist; and etching a side surface of the developed photoresist to have the slope from the horizontal plane. Upon information and belief, the angle of the side surface of the light emitting region of the LEDs of the 32S359 reflects a substantially similar angle from the etching mask pattern that was formed using a photoresist formed on the P-type semiconductor layer during the manufacturing process. Upon information and belief, the angle from the etching mask pattern was created by exposing the photoresist to light and hard baking and developing the photoresist. More specifically, on information and belief, during the hard baking process, the upper surface of the photoresist was

caused to shrink whereas the lower surface did not shrink or shrank less, resulting in an angled edge. Upon information and belief, the angled edge was then etched, which resulted in the side surface of the developed photoresist having a slope from the horizontal plane.

## INDIRECT INFRINGEMENT (35 U.S.C. §271(b))

65.     Based on the information presently available to Plaintiff, absent discovery, Defendants have also indirectly infringed one or more claims of the '626 patent by inducing infringement, including, at least, the importation, sale, and use of the '626 Patent Accused Products. For example, Defendants induce and have induced the importation and sale of '626 Patent Accused Products (e.g., finished products such as televisions, such as the 32S359) by retailers, affiliates, or each other (e.g., TCL Electronics inducing TCL Technology, or TCL Industries inducing TCL Electronics).

66.     In addition, upon information and belief, since at the least the date when Defendants were on notice of its infringement, Defendants have actively induced and continue to actively induce, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, sell, or use the '626 Patent Accused Products that include or are made using all of the limitations of one or more claims of the asserted patents, at least as described in the preceding paragraphs, to directly infringe one or more claims of the patents by using, offering for sale, selling, and/or importing the '626 Patent Accused Products. Since at least the notice provided on the above-mentioned dates, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement. Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce infringement by distributors, importers, customers, subsidiaries, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the '626 Patent Accused Products, creating established distribution channels for

the '626 Patent Accused Products into and within the United States, manufacturing the '626 Patent Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* https://support.tcl.com/us.

67.     Upon information and belief, despite having knowledge of the '626 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '626 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement. Defendants' infringing activities relative to the '626 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

68.     Each Defendant is liable for these infringements of the '626 patent pursuant to 35 U.S.C. § 271.

69.     Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

70.     Plaintiff has complied with the requirements of 35 U.S.C. § 287, to the extent necessary and/or applicable, and is entitled to collect pre- and post-filing damages for Defendants' infringements of the '626 patent.

## COUNT IV
### (Infringement of U.S. Patent No. 8,132,952)

71.     Plaintiff incorporates paragraphs 1 through 70 herein by reference. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq.

72.     Plaintiff is the owner of the '952 patent with all substantial rights to the '952 patent including the exclusive right to enforce, sue, and recover damages for past infringement.

73.     The '952 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

74.     Defendants have known of the '952 patent and their infringement at least as early as the service date of the original complaint in this matter. Further, on information and belief, Defendants have known of the '952 patent and their infringement at least as early as the filing date of the original complaint. In addition, Defendants have known about the '952 patent based on a letter dated August 6, 2025, from Sinotechnix notifying them of the '952 patent and their infringement.

### DIRECT INFRINGEMENT (35 U.S.C. §271(a))

75.     Defendants infringe and have infringed literally, and/or under the Doctrine of Equivalents, one or more claims of the '952 patent in this judicial district and elsewhere in Texas and the United States.

76.     On information and belief, Defendants, either by themselves (individually and/or in concert) and/or via an agent, infringe literally, and/or under the Doctrine of Equivalents, at least claim 1 of the '952 patent by, among other things, making, using, selling, offering for sale, and/or importing infringing products, such as televisions and display modules that meet at least claim 1 of the '952 patent (the "'952 Patent Accused Products"). The '952 Patent Accused Products include, as examples only, the backlight panels in TCL 32S359, 40S355, and 55S446 model

televisions and similarly configured backlight panels in LCM modules used in televisions, for example. Further, TCL Industries is vicariously liable for the infringing conduct of TCL Electronics and/or TCL Technology, as well as other related TCL entities, and affiliates, (under both the alter ego and agency theories) because, as an example and upon information and belief, TCL Industries, TCL Electronics, and TCL Technology are essentially the same company, and TCL Industries has the right and ability to control TCL Electronics's and TCL Technology's, as well as other related TCL entities, infringing acts and receives a direct financial benefit from TCL Electronics's and TCL Technology's infringement.

77. The '952 Patent Accused Products comprise backlight panels such as those in the 55S446 model television shown below. For example, the backlight panel is shown as torn-down in the bottom image below.





78.     The '952 Patent Accused Products include a diffusion plate comprising a top surface and a bottom surface, such as the example shown in 55S446 model television below. The bottom surface is shown in the image and the top surface is the opposing side.



79.    The '952 Patent Accused Products include a plurality of white light emitting diodes arranged below the bottom surface of the diffusion plate, the white light emitting diodes to emit light directly onto the bottom surface of the diffusion plate, such as in the example shown in 55S446 model television below.



80.    The '952 Patent Accused Products include a reflection sheet arranged below light exit surfaces of the white light emitting diodes, the reflection sheet to reflect light toward the diffusion plate as shown in the image below from the 55S446 model television.



81.    In the '952 Patent Accused Products, each white light emitting diode comprises a blue light emitting diode chip and a red phosphor and a green phosphor arranged on the blue light emitting diode chip. As shown in the optical microscope and SEM images below, the white light emitting diode comprises a blue light emitting diode chip and a red phosphor and a green phosphor arranged on the blue light emitting diode chip.





SEM of resin disposed over the blue light emitting diode chip



SEM of red phosphor included in the resin



Energy-dispersive X-ray (EDX) of red phosphor included in the resin



SEM of green phosphor included in the resin



EDX of green phosphor included in the resin

**INDIRECT INFRINGEMENT (35 U.S.C. §271(b))**

82.     Based on the information presently available to Plaintiff, absent discovery, Defendants have also indirectly infringed one or more claims of the '952 patent by inducing infringement, including, at least, the importation, sale, and use of the '952 Patent Accused Products. For example, Defendants induce and have induced the importation and sale of '952 Patent Accused Products (e.g., finished products such as televisions, such as the 55S446) by retailers, affiliates, or each other (e.g., TCL Electronics inducing TCL Technology, or TCL Industries inducing TCL Electronics).

83.     In addition, upon information and belief, since at the least the date when Defendants were on notice of its infringement, Defendants have actively induced and continue to actively induce, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, sell, or use the '952 Patent Accused Products that include or are made using all of the limitations of one or more claims of the asserted patents, at least as described in the preceding paragraphs, to directly infringe one or more claims of the patents by using, offering for sale, selling, and/or importing the '952 Patent Accused Products. Since at least the notice provided on the above-mentioned dates, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement. Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce infringement by distributors, importers, customers, subsidiaries, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the '952 Patent Accused Products, creating established distribution channels for the '952 Patent Accused Products into and within the United States, manufacturing the '952 Patent Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing

technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* https://support.tcl.com/us.

84.    Upon information and belief, despite having knowledge of the '952 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '952 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement. Defendants' infringing activities relative to the '952 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

85.    Each Defendant is liable for these infringements of the '952 patent pursuant to 35 U.S.C. § 271.

86.    Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

87.    Plaintiff has complied with the requirements of 35 U.S.C. § 287, to the extent necessary and/or applicable, and is entitled to collect pre- and post-filing damages for Defendants' infringements of the '952 patent.

## COUNT V
### (Infringement of U.S. Patent No. 9,412,913)

88.    Plaintiff incorporates paragraphs 1 through 87 herein by reference.

89.    This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, et seq Plaintiff is the owner of the '913 patent with all substantial

rights to the '913 patent including the exclusive right to enforce, sue, and recover damages for past infringement.

90.    The '913 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

91.    Defendants have known of the '913 patent and their infringement at least as early as the service date of the original complaint in this matter. Further, on information and belief, Defendants have known of the '913 patent and their infringement at least as early as the filing date of the original complaint. In addition, Defendants have known about the '913 patent based on a letter dated August 6, 2025, from Sinotechnix notifying them of the '913 patent and their infringement.

## DIRECT INFRINGEMENT (35 U.S.C. §271(a))

92.    Defendants infringe and have infringed literally, and/or under the Doctrine of Equivalents, one or more claims of the '913 patent in this judicial district and elsewhere in Texas and the United States.

93.    On information and belief, Defendants, either by themselves (individually and/or in concert) and/or via an agent, infringe literally, and/or under the Doctrine of Equivalents, at least claim 1 of the '913 patent by, among other things, making, using, selling, offering for sale, and/or importing infringing products, such as televisions and display modules that meet at least claim 1 of the '913 patent (the "'913 Patent Accused Products"). The '913 Patent Accused Products include, as examples only, the display module in TCL 32S359, 40S355, and 55S446 model televisions and products with the same or similarly configured LEDs. Further, TCL Industries is vicariously liable for the infringing conduct of TCL Electronics and/or TCL Technology, as well as other related TCL entities, and affiliates, (under both the alter ego and agency theories) because,

as an example and upon information and belief, TCL Industries, TCL Electronics, and TCL Technology are essentially the same company, and TCL Industries has the right and ability to control TCL Electronics's and TCL Technology's, as well as other related TCL entities, infringing acts and receives a direct financial benefit from TCL Electronics's and TCL Technology's infringement.

94.    The '913 Patent Accused Products include a light emitting diode (LED) package such as those in the 55S446 model television shown below. For example, LED packages are shown as torn-down from the 55S446 in the bottom images below.







95.    The '913 Patent Accused Products include a first lead frame and a second lead frame separated from each other such as those in from the 55S446 model television below.



96.     The '913 Patent Accused Products include an LED chip disposed on the first lead frame and electrically connected with second lead frame such as that shown from the 55S446 model television below.



97.     The '913 Patent Accused Products include a resin covering at least portions of surfaces of the first and second lead frames as shown in the image below from the 55S446 model television.



98.    In the '913 Patent Accused Products the products are made wherein: at least one of the first and second lead frames comprises resin-holding components disposed along adjacent sides of one of the first and second lead frames, the resin-holding components being separated from each other at corners of the adjacent sides frames, as shown in the image below from the 55S446 model television.



## INDIRECT INFRINGEMENT (35 U.S.C. §271(b))

99.    Based on the information presently available to Plaintiff, absent discovery, Defendants have also indirectly infringed one or more claims of the '913 patent by inducing infringement, including, at least, the importation, sale, and use of the '913 Patent Accused Products. For example, Defendants induce and have induced the importation and sale of '913 Patent Accused Products (e.g., finished products such as televisions, such as the 55S446) by retailers, affiliates, or each other (e.g., TCL Electronics inducing TCL Technology, or TCL Industries inducing TCL Electronics).

100.    In addition, upon information and belief, since at the least the date when Defendants were on notice of its infringement, Defendants have actively induced and continue to actively induce, under U.S.C. § 271(b), distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, sell, or use the '913 Patent Accused Products that include or are made using

all of the limitations of one or more claims of the asserted patents, at least as described in the preceding paragraphs, to directly infringe one or more claims of the patents by using, offering for sale, selling, and/or importing the '913 Patent Accused Products. Since at least the notice provided on the above-mentioned dates, Defendants do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement. Upon information and belief, Defendants intend to cause, and have taken affirmative steps to induce infringement by distributors, importers, customers, subsidiaries, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the '913 Patent Accused Products, creating established distribution channels for the '913 Patent Accused Products into and within the United States, manufacturing the '913 Patent Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* https://support.tcl.com/us.

101.    Upon information and belief, despite having knowledge of the '913 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '913 patent, Defendants have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement. Defendants' infringing activities relative to the '913 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

102.    Each Defendant is liable for these infringements of the '913 patent pursuant to 35 U.S.C. § 271.

103.    Plaintiff has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

104.    Plaintiff has complied with the requirements of 35 U.S.C. § 287, to the extent necessary and/or applicable, and is entitled to collect pre- and post-filing damages for Defendants' infringements of the '913 patent.

## CONCLUSION

105.    Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court]

106.    Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendants and that the Court grant Plaintiff the following relief:

a.    Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b.  Judgment that Defendants account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c.  Judgment that Defendants account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendants' infringing activities, including continuing infringing activities, and other conduct complained of herein;

d.  Judgment that Defendants account for and pay to Plaintiff damages arising from their willful infringement under 35 U.S.C. § 284 or any other enhanced damages;

e.  That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f.  Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

g.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: August 13, 2025                           Respectfully submitted,

                                                 */s/ Patrick J. Conroy*
                                                 **Patrick J. Conroy**
                                                 Texas Bar No. 24012448
                                                 **Ryan Griffin**
                                                 Texas Bar No. 24053687
                                                 **T. William Kennedy Jr.**
                                                 Texas Bar No. 24055771
                                                 **Jon Rastegar**
                                                 Texas Bar No. 24064043
                                                 **Nelson Bumgardner Conroy PC**
                                                 2727 North Harwood Street
                                                 Suite #250
                                                 Dallas, TX 75201
                                                 Tel: (214) 446-4950
                                                 pat@nelbum.com
                                                 ryan@nelbum.com
                                                 bill@nelbum.com
                                                 jon@nelbum.com

                                                 **Janson H. Westmoreland**
                                                 State Bar No. 24131755

**Nelson Bumgardner Conroy PC**
3131 West 7th St., #300
Fort Worth, TX 76107
Tel: (214) 446-4950
janson@nelbum.com

Attorneys for Plaintiff
**SINOTECHNIX LLC**